UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AARON D. CLIFTON,

                              Plaintiff,         17-CV-946(T)

              v.                                 **DECISION**
                                                 **and ORDER**
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

### INTRODUCTION

    Daniel Clifton, ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt.## 10, 14.

### BACKGROUND

**A.    Procedural History**

    Plaintiff applied for DIB and SSI on July 14, 2014, due to traumatic brain injury, impaired vision, bipolar and anxiety disorder, insomnia, and obesity. T. 178-82, 183-84. 238.[1] Plaintiff's applications were denied initially and he requested a hearing by an Administrative Law Judge ("ALJ"). T. 122, 132-33. On

_____

[1] "T.__" refers to pages of the Administrative Transcript. Dkt. #9.

April 26, 2017, following a hearing, ALJ William Weir found Plaintiff not disabled. T. 11–24. When the Appeals Council denied review, T. 1–3, the ALJ's not-disabled determination became a final decision of the Commissioner subject to judicial review. This action followed. Dkt. #1.

The issue before the Court is whether the Commissioner's decision that Plaintiff was not disabled is supported by substantial evidence and free of legal error.

**B.    The ALJ's Decision**

In applying the familiar five-step sequential analysis, as contained in the administrative regulations promulgated by the Social Security Administration ("SSA"), see 20 C.F.R. §§ 404.1520, 416.920; Lynch v. Astrue, No. 07-CV-249, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps), the ALJ found: (1) Plaintiff had not engaged in substantial gainful activity since October 22, 2012; (2) he had the severe impairments of traumatic brain injury, substance abuse disorder in early remission, and obesity; (3) his impairments did not meet or equal the Listings set forth at 20 C.F.R. § 404, Subpt. P, Appx. 1. The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except that he was limited to unskilled work involving specific vocational preparation levels of two or less; he could perform routine, one- or two-step tasks, but could not perform complex work with multiple simultaneous goals or

objectives; he could not set quantity, quality, or methods of production; and could not work around unprotected heights or dangerous machinery. At step four (4), the ALJ found that Plaintiff could not perform his past relevant work as a cook; and (5) Plaintiff could perform the jobs of mail clerk and cleaner. The ALJ concluded that Plaintiff was not disabled under the Act. T. 16-23.

**DISCUSSION**

**A.    Scope of Review**

A federal court should set aside an ALJ decision to deny disability benefits only where it is based on legal error or is not supported by substantial evidence. <u>Balsamo v. Chater</u>, 142 F.3d 75, 79 (2d Cir. 1998). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Green-Younger v. Barnhart</u>, 335 F.3d 99, 106 (2d Cir. 2003) (internal quotation marks omitted).

**B.    Opinion Evidence**

Plaintiff submits that the RFC is not supported by substantial evidence because the ALJ did not rely on any particular report and improperly weighed the opinions of examining neuropsychologist Michael Santa Maria, Ph.D., and Michael Asbach, RPA-C of Dent Neurologic Institute. Pl. Mem. 4-6.

Plaintiff, who was 33 years-old at the time of the administrative hearing, sustained a traumatic brain injury in

October 2012, after experiencing a syncopal event while using alcohol, marijuana, and ecstacy while attending a concert. T. 319-230.

Ten months after his initial hospitalization, Plaintiff was seen by neurospsychologist Michael Santa Maria, who opined that Plaintiff had a cognitive disorder associated with traumatic brain injury and major depressive disorder, recurrent and severe. T. 339-346. Plaintiff told Dr. Santa Maria that he found it difficult to remember website passwords and material he had read. T. 341. He also reported difficulty with attention, organization, and processing speed. Id. Plaintiff wanted to return to work and resume drinking alcohol, despite the fact that drinking caused him to have a seizure in the past. T. 342. He had a home aide 5 days per week, and his mother managed his medications and finances. T. 341. Plaintiff had not driven since before his accident. Id.

Dr. Santa Maria observed that Plaintiff spoke  rapidly and exhibited unusual thought processes. Id. Upon cognitive testing, Plaintiff achieved average or low-average scores on most sub-parts of the Wechsler Adult Intelligence Scale IV (WAIS-IV), but was deficient in processing speed and symbol searching. T. 343. Overall, Plaintiff demonstrated low-average intellectual functioning with "extremely low" processing speed. T. 345. He had "poor insight into his own medical needs," and severe levels of depression and anxiety symptoms. T. 346. Dr. Santa Maria opined

that Plaintiff was not ready to return to work. Id. However, he noted that less than twelve months had passed since Plaintiff's brain injury and Plaintiff might experience further improvement with rehabilitation. Id.

The ALJ summarized Dr. Santa Maria's report in evaluating the record evidence, but did not afford it any particular weight. T. 18.

On July 29, 2015, Plaintiff saw Michael Asbach, RPA-C at Dent Neurologic Institute, who completed a Residual Functional Capacity Questionnaire for Psychiatric Disorders. T. 586-593. Therein, Mr. Asbach assessed Plaintiff with bipolar disorder, NOS; sleep apnea; traumatic brain injury; epilepsy; and moderate stressors. Prognosis was guarded. Plaintiff had marked limitations in maintaining social functioning; concentration, persistence, or pace; ability to respond appropriately to co-workers; ability to satisfy an employer's normal quality, production, and attendance standards, and ability to respond to customary work pressures. T. 588-90. Plaintiff "experienced repeatedly (three or more occasions)" episodes of deterioration or decompensation. T. 589. His Global Assessment of Functioning ("GAF") score was 50, indicating serious symptoms or any serious impairment in social, occupational, or school functioning. T. 587.

The ALJ afforded this opinion "some weight," discounting it in part because "the report was completed less than a year after the

claimant's initial injury. The record shows the claimant made significant improvement in his ability to function since this report." T. 22.

The psychiatric functional capacity report, however, was completed in July, 2015, nearly _three_ years after Plaintiff's accident. T. 587-90. The ALJ made a factual error in this regard, and, contrary to the Commissioner's contention, the error is not harmless because it directly contradicts the ALJ's finding of significant improvement in functioning. Comm'r Mem. 19-20. As Plaintiff points out, it is consistent with Dr. Santa Maria's report and more recent records from Plaintiff's Medicaid service provider.[2] Pl. Mem. 5; T. 343, 779. Accordingly, the record lacks substantial evidence to support the ALJ's finding as to Plaintiff's RFC or the ultimate determination of no disability. Pratts v. Chater, 94 F.3d 34, 38 (2d Cir. 1996) (If an ALJ commits "factual errors in evaluating the medical evidence," his decision denying benefits "is not supported by substantial evidence."); Edel v. Astrue, 2009 WL 890667, at *15 (N.D.N.Y. Mar. 30, 2009) (ALJ's finding is "not supported by substantial evidence where [the ALJ] relied primarily upon a misstatement of the record"). Moreover, the ALJ's rejection of the only medical opinion in the record that

---

[2] For example, records from Venture Forthe (home care services for individuals with traumatic brain injury) from March, 2015, noted Plaintiff's challenges in short term memory, judgment, organization, and impulse control. T. 775. The Service Coordinator wrote that Plaintiff, who lived at home, could be [Skilled Nursing Facility] eligible as a result of his TBI." T. 779.

specifically assessed Plaintiff's functional capacity created an evidentiary gap. <u>See</u> <u>Stein v. Colvin</u>, 15-CV-6753, 2016 WL 7334760, *4 (W.D.N.Y. Dec. 19, 2016) ("Regardless of whether it was proper for the ALJ to discount this opinion, the ALJ's rejection of the only medical opinion in the record created an evidentiary gap requiring remand.").

On remand the ALJ must review the medical and non-medical evidence in the record, including any new evidence developed for or at new hearings, and ensure that his analysis is based on an accurate characterization of that evidence.[3]

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted to the extent that the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order and the Commissioner's motion is denied.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:     Rochester, New York
           May 24, 2019

---

[3] This includes the records from Access-VR (vocational rehabilitation for individuals with disabilities), which was submitted to the Appeals Council but was not considered. Pl. Mem. 6; T. 2, 66-68.